UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NERRY PATHAK, an individual, | CASE NO. 2:17-cv-00102-RFB-GWF |
| Plaintiff, | *Consolidated with:* |
| v. | CASE NO. 2:17-cv-01546-RFB-NJK |
| SIERRA MEAT COMPANY; ANSHU BHARAT PATHAK; and DOES 1 through 10, inclusive. | ORDER |
| Defendants. | |
| ANSHU BHARAT PATHAK, an individual, | |
| Cross Complainant, | |
| v. | |
| NERRY PATHAK; BEST IGUANA PUERTO RICO MEAT CORPORATION; MONGE CORDERO; JOSE L; MATT DAVIS; and SIERRA MEAT COMPANY, | |
| Cross Defendants. | |
| NERRY PATHAK, | |
| Plaintiff, | |
| v. | |
| ANSHU PATHAK, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court are ten Motions: Defendant Sierra Meat Company's Motion to

Dismiss (ECF No. 14); Plaintiff's Motion to Dismiss Cross-Claim (ECF No. 37); Plaintiff's Motion to Strike Cross-Claim (ECF No. 38), Defendant Sierra Meat Company's Motion to Dismiss (ECF No. 43); Defendants Sierra Meat Company, Jonathan Mosbacher, and Armand Agra, Inc.'s Motion to Dismiss (ECF No. 57); Plaintiff's Motion to Strike (ECF No. 55), Plaintiff's Motion to Extend Time to Respond (ECF No. 67); Cross-Complainant Anshu Pathak's Motion to Vacate (ECF No. 81); Cross-Complainant Anshu Pathak's Motion for Statutory Damages (ECF No. 85); and Defendants Sierra Meat Company, Jonathan Mosbacher, and Armand Agra, Inc.'s Emergency Motion for Order to Show Cause (ECF No. 92). For the reasons stated below, Defendant's Motions to Dismiss (ECF Nos. 14, 37, 38, 43 and 57) are granted and the remaining motions are denied as moot.

## II. BACKGROUND

The following factual allegations are taken from Plaintiff's First Amended Complaint (ECF No. 7) in Case No. 2:17-cv-00102-RFB-GWF and his Complaint (ECF No. 1) in Case No. 2:17-cv-01546-RFB-GWF, which contain substantially similar facts.

Plaintiff alleges that he and his brother, Defendant Anshu Pathak ("Anshu"), are competitors in the market for exotic meats. Defendant Sierra Meat Company ("Sierra Meat") is a supplier in that market and at one point was a primary supplier for both Plaintiff's business and Anshu's business. Around February 2013, Plaintiff was informed that Anshu owed Sierra Meat $5609.13. Plaintiff and Sierra Meat communicated via email and came to an agreement that in exchange for Plaintiff paying off Anshu's outstanding debt, Sierra Meat would not sell to Anshu's business any longer. Plaintiff sent Sierra Meat a check for $5609.13, which it cashed. On January 3, 2017, Plaintiff discovered that Sierra Meat was selling to his brother, in violation of their

previous agreement. Plaintiff alleges that as a result of this breach, he lost his business and reputation and was caused to violate a non-compete agreement with Anshu.

On January 11, 2017, Plaintiff filed a Complaint against Sierra Meat and other defendants, including his brother, Anshu Pathak in Case No. 2:17-cv-00102-RFB-GWF. (ECF No. 1). On March 15, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 7). On July 5, 2017, Plaintiff moved to strike his own Amended Complaint. (ECF No. 55). Defendant Sierra Meat Company filed a Response on July 14, 2017. (ECF No. 61). On July 21, 2017, Plaintiff filed a Reply. (ECF No. 65).

On April 6, 2017, Anshu answered Plaintiff's Complaint and filed a Cross-Complaint against Nerry Pathak, Sierra Meat, and Broadleaf Venison (USA) Inc. (ECF No. 10). On May 19, 2017, Anshu filed a First Amended Cross-Complaint. (ECF No. 2)9. Sierra Meat has filed motions to dismiss both Plaintiff's First Amended Complaint and the First Amended Cross-Complaint. (ECF Nos. 14 and 43).

Plaintiff filed a Cross-claim against Anshu on May 24, 2017. (ECF No. 33). Defendant Sierra Meat filed a Motion to Dismiss Plaintiff's Cross-claim. (ECF No. 37). On June 2, 2017 Plaintiff filed a Response to Defendant's Motion to Dismiss Plaintiff's Crossclaim. (ECF No. 40). Defendant Sierra Meat filed a Reply to Plaintiff's Response on June 8, 2017. (ECF No. 41). On June 6, 2017, Plaintiff moved to strike his own Cross-Claim. (ECF No. 38).

This Court entered an Order on July 6, 2017 prohibiting Defendant/Cross-claimant Anshu Pathak from communicating, in person, by email, or by any other means, with the employees, officers, directors, contractors, or agents thereof of Defendant Sierra Meat Company. (ECF No. 56). Anshu filed a Motion to Vacate the Court's Order on August 17, 2017. (ECF 81). Defendant Sierra Meat Company filed a Response to Plaintiff's Motion to Vacate on August 25, 2017.

(ECF No. 83). On March 23, 2018, Armand Agra Inc., Mosbacher, and Sierra Meat Company filed a Motion for Order to Show Cause and for Sanctions, arguing that Anshu violated this Court's Order; no response has been filed. (ECF No. 92).

Plaintiff Nerry Pathak filed a Complaint in Case No. 2:17-cv-01546-RFB-GWF on June 1, 2017. (ECF No. 1). Defendants Armand Agra Inc., Jonathan Mosbacher, and Sierra Meat Company filed a Motion to Dismiss this Complaint on July 12, 2017. Plaintiff filed a Response on August 11, 2017. (ECF No. 77). Defendants filed a Reply on August 16, 2017. (ECF No. 79).

On July 6, 2017 Case No. 2:17-cv-01546-RFB-NJK was consolidated with Case No. 2:17-cv-00102-RFB-GWF, with the latter becoming the lead case.

**III. DISCUSSION**

Before considering any substantive arguments on the claims at issue in these cases, the Court will first address the question of subject matter jurisdiction.

***A. Subject Matter Jurisdiction***

*i. Legal Standard*

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a). Any claims made in good faith in the complaint can satisfy the jurisdictional requirement for diversity, even if the plaintiff does not end up recovering the claimed amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 288-289 (1990). However, if from the face of the pleadings, it is apparent "to a legal certainty" that the plaintiff cannot recover the amount claimed, then the suit must be dismissed. Id. at 289. "It is plaintiff's

burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." Id. at 288 n.10, citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-189 (1936). The party seeking to invoke diversity jurisdiction bears the burden of demonstrating federal subject matter jurisdiction and must support their claim with "competent proof." McNutt, 298 U.S. at 189.

*ii. Discussion*

Defendants argue that Plaintiff has not satisfied his burden of establishing that the amount in controversy exceeds $75,000, in either his First Amended Complaint (ECF No. 7) in Case No. 2:17-cv-00102-RFB-GWF or his Complaint (ECF No. 1) in Case No. 2:17-cv-01546-RFB-GWF.[1]

In both cases, Plaintiff requests damages well in excess of $75,000. All of Plaintiff's claimed damages are vague and unsupported by specific factual allegations, however. In Case No. 2:17-cv-00102-RFB-GWF, Plaintiff requests $100 million from Defendant Sierra Meat because Sierra Meat's conduct allegedly forced Plaintiff to close down his business and lose his family's life savings. Plaintiff does not provide any facts or financial data to support this $100 million figure, such as past profits or amounts in savings accounts, but merely asserts that he lost business opportunities in excess of $100 million. In Case No. 2:17-cv-01546-RFB-GWF, Plaintiff alleges that Sierra Meat's conduct caused him to lose $300,000 in investments; made him liable to his brother, Anshu Pathak, in the amount of $200,000 for breaching a non-compete agreement; and caused him to lose his retail stores, online stores, and social media reputation, costing him $2.3 million in damages. Once again, Plaintiff does not provide any specific factual allegations to

---

[1] The Court notes that Plaintiff has moved to strike his own First Amended Complaint (ECF No. 55) based on a failure to request leave. However, the Court finds that such leave was not necessary but, to the extent it was necessary, the Court grants leave.

- 5 -

establish the basis of these claimed damages. He does not attach to his submissions any documentation as to his potential losses, lost investment or damage to his business interests.

Pathak offers only an affidavit or declaration (ECF No. 77 in 2:17-cv-00702-RFB-GWF) in response to the Defendant's motions to dismiss. In his declaration, Pathak offers what appear to be prices for certain types of meat and his alleged profit per pound for these different meats. The Court rejects this declaration as sufficient to meet Plaintiff's burden. First, the declaration merely asserts rates and alleged profit margins but does not actually declare the actual amount of meat ordered or invoices or other statements of value of orders that he had actually placed or received regarding these rates in regard to the relationships at issue in the instant cases. He makes not such declarations and attaches no documentation. The statements themselves therefore even if self-serving do not provide sufficient particularity to establish the amount in controversy. Second, the Court finds that Plaintiff cannot rely upon a self-serving declaration without more, especially where he has made incredible and farcical allegations of loss ($100 million).

Based on this record, the Court does not find a sufficient basis for asserting subject matter jurisdiction in this case. Plaintiff makes only general allegations regarding damages, without providing any factual support. On their face, Plaintiff's claimed damages appear to be groundless and unjustifiable. Plaintiff has not included any documentation or evidence in response to these motions that would provide the Court with a basis for accurately calculating or even estimating potential damages and the Court does not find that Plaintiff would have personal knowledge of the matters asserted in his Response, including Anshu's business profits.[2] The Court finds that Plaintiff

---

[2] The Court notes that Plaintiff objects that he was not properly served at his new address with the Motion to Dismiss (ECF No. 14) in Case No. 2:17-cv-00102-RFB-GWF. However, as Plaintiff does not provide the Court with any reasons for prejudice and Plaintiff clearly received the motion and had an opportunity to respond at some point, the Court will not strike Defendant's Motion to Dismiss.

has not met his burden of establishing a good faith basis for the assertion of his claimed damages. He has not met his burden of presenting sufficient facts or documentation or other reasonably reliable information to establish the threshold amount in controversy. Consequently, the Court dismisses Nerry Pathak's complaints in both cases for lack of subject matter jurisdiction.

### B. Ancillary Jurisdiction Over Crosscomplaint of A. Pathak

The Court must now also consider whether it should continue to exercise jurisdiction over Defendant/Cross-Claimant Anshu Pathak's Crossclaims. The Court notes that there is a pending Motion to Dismiss (ECF No. 43) A. Pathak's Crossclaim by Defendant Sierra Meat Company. A court may only maintain jurisdiction over a crossclaim where it has jurisdiction over the coparty. See New Orleans P. B. R. Co. v. Wallace, 173 F.2d 145, 148 (5th Cir. 1949). The Court finds that it does not have jurisdiction over the coparties, because the underlying claims did not establish subject matter jurisdiction. A. Pathak's Crosscomplaint must therefore be dismissed because the Court lacks jurisdiction over this crosscomplaint. Id. The Court therefore grants the Motion to Dismiss (ECF No. 43)[3] and dismisses this crosscomplaint as to all crossdefendants. To the extent, the Court has discretion whether to retain jurisdiction over such crossclaims, it declines to exercise such jurisdiction here.

Finally, the counterclaims, entitled crossclaims by Nerry Pathak, must also be dismissed as the Court does not have jurisdiction over the underlying claims and Pathak cannot bring crossclaims against an opposing party under Rule 13 of the Federal Rules of Civil Procedure.

---

[3] The Court also note that there is not complete diversity between A. Pathak and Sierra Nevada Meat Company, as the latter is a Nevada resident – or at least Pathak cannot overcome the evidentiary for this.

## IV. CONCLUSION

**IT IS ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 14 and 57) are GRANTED.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (ECF Nos. 37, 38 and 43) are GRANTED.

**IT IS FURTHER ORDERED** that all other pending motions are DENIED as moot. The Clerk of Court is instructed to close this case and all member cases.

DATED this 30th day of March, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**