# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Pathak,<br><br>                  Plaintiff,<br><br>   v.<br><br>Pathak et al,<br><br>                  Defendants. | Case No. 2:17-cv-00102-RFB-GFW<br><br>ORDER |

### I.    INTRODUCTION

Before the Court are Defendant Anshu Pathak's Motion to Set Aside Clerk Judgment (ECF No. 102) and Plaintiff Nerry Pathak's Motion to Set Aside Clerk Judgment (ECF No. 104).

### II.    PROCEDURAL BACKGROUND

This case was closed on March 30, 2018 and judgment entered on April 2, 2018. ECF Nos. 93, 94. On April 1, 2019, Defendant Anshu Pathak filed in the instant Motion to Set Aside Clerk Judgment. ECF No. 102. Defendants Armand Agra Inc., Jonathan Mosbacher, Sierra Meat Company responded in opposition on April 9, 2019. ECF No. 106. Plaintiff Nerry Pathak filed the instant Motion to Set Aside Clerk Judgment on April 1, 2019. ECF No. 104. Defendants Armand Agra Inc., Jonathan Mosbacher, Sierra Meat Company responded on April 9, 2019. ECF No. 105.

### III.    FACTUAL BACKGROUND

The Court found on March 30, 2018 that it lacked subject jurisdiction over this action as Plaintiff failed to plausibly allege damages in excess of $75,000 that would satisfy the diversity requirement. ECF No. 93 at 5-7. The Court further found that it did not have jurisdiction over Defendant Anshu Pathak's cross complaint and that to the extent it had discretion to exercise

jurisdiction over the cross complaint, it declined to do so. Id. at 7.

## IV. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 60(b)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from its order on various grounds, including the Court's mistake, newly discovered evidence not previously discoverable, and any other reason that justifies relief. See Fed. R. Civ. P. 60(b). Motions for reconsideration are disfavored, and a movant may not repeat arguments already presented. LR 59-1(b).

### B. Sanctions

Under the "American rule," attorney's fees may not be awarded absent statutory or contractual authorization, or a finding of bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc., 421 U.S. 240, 257 (1975).

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## V. DISCUSSION

The Court finds that both motions are frivolous and are therefore denied. Defendant Anshu Pathak seeks relief from the Court's order dismissing the case on the basis of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (6), by stating that the Court did not have access to his business profits when it made its decision and therefore was mistaken in its conclusion it lacked jurisdiction. ECF No. 102 at 3-4. Anshu Pathak therefore seeks relief from the Court's order that it did not have jurisdiction over his cross complaint asserting trademark infringement. Nerry Pathak states in his motion that Anshu's motion provides proof that the Court had diversity jurisdiction over his complaint after all and seeks relief from the Court's order accordingly. ECF No. 104 at 2-3.

As an initial matter, the Court finds that neither motion is timely. Though both were filed just within one year of the date judgment was entered, this alone does not render the motions "made

within a reasonable time" as mandated by Federal Rule of Civil Procedure 60(c)(1). Neither party gives a reason for the delay in filing the motions, and it defies logic that Anshu Pathak would not have had access at all times prior to his own business records.

Furthermore, though Anshu Pathak states his business profits exceed $75,000, he provides no evidence whatsoever for this other than a self-serving declaration citing a series of vague figures. See ECF No. 102 at 1-12. Nor does Nerry provide independent evidence of Anshu's business profits in his own motion; he merely includes Anshu's motion as an exhibit. See ECF No. 104 at 1-17.

Moreover, the amount in controversy at issue is not Anshu Pathak's business profits, but Nerry Pathak's *alleged damages*. Neither motion provides any evidence or argument whatsoever indicating why bare assertions of Anshu Pathak's business profits have any bearing on Nerry's alleged damages. Not only is there no evidence to support the figures, even if such evidence were provided, it would not have any effect on the Court's prior order because it is irrelevant as stated to the amount in controversy.

Defendants respond substantively to the motions and further seek sanctions against both Nerry and Anshu in the form of attorneys' fees pursuant to 28 U.S.C. § 1927. ECF No. 106 at 8-9; ECF No. 105 at 5-6. Based on the Court's determination that these motions are frivolous in content and unreasonable in their timing, the Court finds that the motions have "unreasonably and vexatiously" multiplied the proceedings in this case, and grants Defendants' request for sanctions as to both Nerry Pathak and Anshu Pathak. The Court admonishes Nerry and Anshu Pathak that continued vexatious filings in this action will result in further sanctions.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Anshu Pathak's Motion to Set Aside Clerk Judgment (ECF No. 102) and Plaintiff Nerry Pathak's Motion to Set Aside Clerk Judgment (ECF No. 104) are **DENIED**.

**IT IS FURTHER ORDERED** that sanctions are imposed against Anshu Pathak. Anshu Pathak is ordered to pay attorneys' fees in the amount of $3442.50 within two (2) weeks of the

date of this order.

**IT IS FURTHER ORDERED** that sanctions are imposed against Nerry Pathak. Nerry Pathak is ordered to pay attorneys' fees in the amount of $2197.50 within two (2) weeks of the date of this order.

DATED March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**